UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN SEAN JACKSON,

    Plaintiff,

v.                                         Case No. 6:24-cv-1375-JSS-LHP

A. BARNES,

    Defendant.
_____/

**<u>ORDER</u>**

Plaintiff, an inmate proceeding pro se, moves for reconsideration of the dismissal of this action without prejudice and moves for an extension of time to file a response to the order to show cause. (Dkts. 12 & 13.) Upon consideration, for the reasons that follow, the motions are denied.

Federal Rule of Civil Procedure 60(b) provides that relief from a judgment or order may be granted for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

On September 4, 2024, the court ordered Plaintiff to show cause within fourteen days why this case should not be dismissed without prejudice due to his failure to honestly apprise the court of his litigation history. (Dkt. 7 at 2–3.) On September 25, 2024, after the expiration of the time to respond, the court dismissed the case without prejudice because Plaintiff had failed to respond to the show cause order. (Dkt. 10.) The court further noted that to the extent Plaintiff alleged in this action that he was being denied his medications, his contention was refuted by his later-filed petition in which he stated that he has been "prescribed[] 'Risperdone,' 'Cogentin,' and 'Vistiril' for the medica[l] management of the aforementioned conditions and is currently in compliance." (*Id.* at 1 n.1) (quoting *Jackson v. Comm'r of Soc. Sec.*, No. 6:24-cv-1589-CEM-RMN, Dkt. 1 at 2 (M.D. Fla. Sept. 19, 2024)).

In Plaintiff's motion for reconsideration, he contends that he timely submitted a response to the show cause order. (Dkt. 12.) Presumably realizing that his response was not received, Plaintiff also sought an extension of time to file a response. (Dkt. 13.) Subsequently, the court received Plaintiff's "second response to order to show cause." (Dkt. 15.) In the response, Plaintiff contends that he failed to disclose his prior cases in the Amended Complaint because he suffers from various mental illnesses that cause him memory loss. (*Id.* at 1–3.)

The court first notes that a response to the show cause order was not received before the dismissal of this case. If the court presumes as true Plaintiff's representation that he timely filed a response to the show cause order, this could demonstrate inadvertence or excusable neglect sufficient to satisfy Rule 60(b)(1). However, considering Plaintiff's contention that he failed to disclose his prior cases because he suffers from memory loss, the court concludes that reconsideration of the order dismissing the case without prejudice is not warranted.

Section VIII of the Amended Complaint form asked if Plaintiff had any prior cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. (Dkt. 5 at 10.) Plaintiff answered in the negative. (*Id.*) The Amended Complaint also asked Plaintiff to identify any prior state or federal lawsuits that he had filed related to the conditions of his imprisonment. (*Id.* at 11–12.) Plaintiff checked the box for "Yes" and listed one case, *Jackson v. Coppenger*, No. 3:16-cv-644-MCR-CJK (N.D. Fla.). (*Id.*)

Contrary to Plaintiff's representations in the Amended Complaint, the court takes judicial notice that, among other cases, Plaintiff filed the following cases related to the conditions of his imprisonment in this court, which were dismissed for failure to state a claim upon which relief may be granted prior to service of process: (1) *Jackson v. Ivey*, Case No. 6:21-cv-101-G_S-DCI, Dkt. 4, (2) *Jackson v. Cedeno*, No. 6:21-cv-1403-G_S-DCI, Dkt. 6, and (3) *Jackson v. Unknown*, No. 6:21-cv-1711-G_S-G_K, Dkt. 4. Plaintiff explicitly denied that he had any prior cases dismissed for failure to state a claim upon which relief may be granted and asserted that he had filed only one prior

case, which was dismissed without prejudice, related to the conditions of his imprisonment. (Dkt. 5 at 10–12.)

Plaintiff did not allege in his Amended Complaint that he was uncertain about his litigation history because he suffers from memory loss. (*See id.*) Whether Plaintiff suffers from memory loss that affects his ability to recall his litigation history is belied by the fact that Plaintiff recalled filing *Jackson v. Coppenger*, Case No. 3:16-cv-644-MCR-CJK (N.D. Fla.) and that it was dismissed without prejudice for lack of prosecution. The court finds Plaintiff's argument that he had no recollection of filing eight prior cases in this court—at least two of which concluded within approximately two years of the initiation of this case—unpersuasive. *See Jackson v. Stephanie*, No. 6:20-cv-2376-PGB-E_K, Dkt. 21; *Jackson v. Moreno-Pearson*, No. 6:21-cv-1562-WWB-DCI, Dkt. 74. Consequently, the court concludes that Plaintiff affirmatively misrepresented his litigation history because he knew or should have known that disclosure of the identified prior cases was required. Therefore, even if the court granted Plaintiff's motion for reconsideration, reopened this case, and considered Plaintiff's second response to the order to show cause, the court would dismiss the case without prejudice for Plaintiff's abuse of the judicial process. *See, e.g., Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Moreover, 28 U.S.C. § 1915(g) imposes a "three strikes rule" that limits a

prisoner's ability to bring a civil action without paying the full filing fee:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, if a prisoner has had three or more cases or appeals dismissed for one of these three reasons, he or she may not proceed in forma pauperis and must pay the full filing fee when the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[A]fter three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit."). Indeed, courts must dismiss cases, even sua sponte, under 28 U.S.C. § 1915(g). *See, e.g., Casey v. Scott,* 493 F. App'x 1000, 1000–01 (11th Cir. 2012).

The court takes judicial notice of the above-referenced cases and an appeal filed by Plaintiff, *Jackson v. Cedeno*, No. 21-13173-J (dismissal of the appeal of No. 6:21-cv-1403-G_S-DCI as frivolous), that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. In addition, Plaintiff admitted after filing this action that he was taking his mental health medications, *see Jackson v. Comm'r of Soc. Sec.*, No. 6:24-cv-1589-CEM-RMN, Dkt. 1 at 2 (M.D. Fla. Sept. 19, 2024), and thus, he has not demonstrated he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Therefore, he is not permitted to proceed in forma pauperis and was required to pay the filing fee when he initiated this action. Thus, no basis exists to grant Plaintiff's motion for reconsideration. Plaintiff may initiate a new civil rights

action by filing a new complaint accompanied with the full filing fee.

Accordingly, Plaintiff's motion for reconsideration (Dkt. 12) and motion for extension of time (Dkt. 13) are **DENIED**.

**ORDERED** in Orlando, Florida, on January 8, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party